IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAIME GLENN FINLEY                                                              PLAINTIFF

v.                                    Case No. 6:26-cv-6013

W. #168 SMITH;
B. ROSBURG 366;
and JARED WILSON
(Badge # 191)                                                                  DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on June 12, 2026, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 11. Judge Ford recommends that this case be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Plaintiff has responded with objections. ECF No. 13. The Court finds the matter ripe for consideration.

## I. BACKGROUND

Plaintiff, representing himself in this matter, files this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges the following facts. Plaintiff had been recovering from a shattered tibial plateau since June 2022. On June 25, 2023, Plaintiff was riding with another individual in a U-Haul truck when it ran out of gas. While waiting for the driver to return with gas, Plaintiff fell asleep, and police officers approached the truck. When the officers opened the passenger side of the truck, Plaintiff told them that he identified as disabled. Plaintiff alleges the officers disregarded Plaintiff's physical condition and "snatched" him from the truck. ECF No. 1, p. 5. The officers slammed Plaintiff against the truck, took his money, handcuffed him, and placed him into a squad car, which Plaintiff alleges further injured his leg. Plaintiff states that his arrest resulted in him being charged with Class D felonies and caused him to lose his business.

Judge Ford notes that the focus of Plaintiff's complaint is that Hot Springs law enforcement officers took his money during his arrest, have pressured him for money in the past, and have caused him to lose his business.  Judge Ford interprets Plaintiff's complaint as bringing a claim for lost personal property and a claim for excessive force.  Plaintiff proceeds against Defendants in both their individual and official capacities.  Judge Ford screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and recommends that the complaint be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff objects.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation.  *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

### III. DISCUSSION

Judge Ford finds that Plaintiff fails to state a plausible claim based on his personal property loss because Arkansas provides an adequate post-deprivation remedy for conversion. When state law provides an adequate post-deprivation remedy for the loss of property, like state court tort remedies, a § 1983 claim action may not be maintained. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding intentional deprivations of property do not violate due process when a meaningful state post-deprivation remedy is available); *Harris v. St. Louis Police Dep't*, 164 F.3d 1085, 1086 (holding a § 1983 claim cannot be asserted where an adequate post-deprivation remedy for conversion exists in state court). Plaintiff has not alleged that the post-deprivation remedy for conversion under state law is inadequate or that he has even pursued such remedy. Accordingly, the Court must agree with Judge Ford and find that because Plaintiff has an adequate post-deprivation remedy under Arkansas law, which he has not exhausted, his Fourteenth Amendment procedural due process claim for deprivation of property should be dismissed. Plaintiff does not specifically object to Judge Ford's Report and Recommendation as it relates to Plaintiff's due process (loss of property) claim.

Judge Ford also finds that Plaintiff fails to allege sufficient facts to state a plausible excessive force claim, noting the mere fact that force is used during an arrest does not establish a Fourth Amendment violation. *Crumley v. City of St. Paul*, 324 F.3d, 1003, 1007 (8th Cir. 2003). "Handcuffing inevitably involves some use of force," *Wertish v. Krueger*, 433 F.3d 1062, 1067 (8th Cir. 2006), and will almost always result in some irritation, minor injury, or discomfort where the handcuffs are applied. *See Chambers v. Pennycock*, 641 F.3d 898, 907 (8th Cir. 2011) (citing *Rodriguez v. Farrell*, 280 F.3d 1341, 1351 (11th Cir. 2002)). The Court agrees with Judge Ford that Plaintiff's complaint that he was slammed against the truck and handcuffed fails to state a claim for excessive force, especially given the fact that Plaintiff does not allege that he

received any physical injury from these actions.  Further, Plaintiff does not provide any detail as to the nature and extent of the alleged injury to his leg caused by placing Plaintiff in a squad car. Thus, Plaintiff has not provided sufficient factual allegations to support his claim that being placed in the squad care was detrimental to an already existing leg injury.  Accordingly, the Court finds that Plaintiff's excessive force claim must be dismissed.

As to Plaintiff's official capacity claims, these claims fail because Plaintiff has not alleged a cognizable constitutional violation.  *See Morris v. Cradduck*, 954 F.3d 1055, 1060 (8th Cir. 2020).  Therefore, all official capacity claims must also be dismissed.

Plaintiff's objections related to his excessive force claims do not engage with Judge Ford's analysis of the law, and Plaintiff simply restates his allegation that his leg was injured during the arrest.  He does add that he let his leg heal naturally and did not undergo surgery. These additional facts, however, do not cause the Court to disagree with Judge Ford's legal analysis regarding his excessive force claim.   Plaintiff also makes new allegations in his objections, which seem to be related to other arrests and encounters with police officers not mentioned in his complaint in this case.  The Court notes that Plaintiff has not amended his complaint to include these new allegations, and thus the Court will not consider them.

### IV. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Ford's Report and Recommendation.  Therefore, the Court overrules Plaintiff's objections (ECF No. 13) and adopts the Report and Recommendation (ECF No. 11) *in toto*.  Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Plaintiff is warned that, in the future, this dismissal may be counted as a strike for

4

purposes of 28 U.S.C. § 1915(g), and the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration.  Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**IT IS SO ORDERED**, this 4th day of August, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge